# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOHN DOUGLAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-cv-1367 |
| | ) | |
| GARY MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>O R D E R & OPINION</u>

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) and Plaintiff's Motion to Request Counsel (Doc. 4). On September 8, 2014, Plaintiff filed a Complaint, naming his former attorney, Gary Morris, as a defendant. (Doc. 1). As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's motions are denied and his Complaint is dismissed.

### Factual Background

John Douglas has filed this Complaint against his former attorney, Gary Morris, who he alleges failed to properly represent him in a criminal case in Illinois state court in 2012. Plaintiff is currently incarcerated at Pinckneyville Correctional Center, and is proceeding pro se.

In his Complaint and the affidavit that accompanies it, Plaintiff alleges that Defendant provided him with ineffective assistance of counsel in a number of ways. Defendant did not "present[] proper grounds" on a motion to exclude evidence. He

made misrepresentations to Plaintiff, and suggested Plaintiff's mother was going to testify against him at trial. This caused Plaintiff mental duress and coerced him into taking a plea agreement. Knowing that Plaintiff was in duress, Defendant failed to seek a continuance, and he failed to request a stipulated plea agreement. He also failed to assist Plaintiff in filing a motion to withdraw his guilty plea, failed to file a variety of motions before trial, and withdrew as Plaintiff's attorney claiming the events leading to the plea agreement "created a conflict of interest in his continued representation."

Plaintiff alleges that these failings denied him of his right to due process. He seeks a refund of his $5,000 retainer, his court fees, and compensation for the time he has spent incarcerated.

## Discussion

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." The same section instructs that courts "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

Dismissals pursuant to § 1915(e)(2)(B)(ii) are treated in the same manner as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Therefore, the court must take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Id.*

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff's Complaint fails to include any statement of the ground for the court's jurisdiction, and therefore fails to comply with Rule 8's requirements for notice pleading. On that basis alone, Plaintiff's complaint cannot proceed under 28 U.S.C. § 1915(e)(2).

However, pro se complaints are to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). In his Complaint, Plaintiff alleges that Defendant denied him his right to due process. The Court construes this allegation as a claim for relief pursuant to 42 U.S.C. § 1983. Other allegations in his complaint suggest Plaintiff is suing on a theory of state law malpractice. In order to serve the interests of justice, the Court construes the complaint to allege federal question jurisdiction over the § 1983 claim and supplemental jurisdiction over any state law claims.

### *Plaintiff's Section 1983 Claim*

Plaintiff fails to state a claim under 42 U.S.C. § 1983. To succeed, Plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that that state action deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Here, Plaintiff has failed to state a § 1983 claim because he has failed to allege that Defendant acted under color of state law. Furthermore, Plaintiff could not state a claim under § 1983. Lawyers acting as

counsel in a criminal proceeding, including even public defenders, do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Here, Defendant was an attorney and all of Plaintiff's allegations concern Defendant's exercise of "independent professional judgment in a criminal proceeding." *See id.* Therefore, as a matter of law, Defendant cannot violate § 1983 in this context.

### *Plaintiff's State Law Claims*

The Court declines its jurisdiction to hear any state law claims Plaintiff may bring. "Federal courts are courts of limited jurisdiction" and courts "have an obligation at each state of the proceedings to ensure that [they] have subject matter jurisdiction over a dispute." *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). A federal court may have original jurisdiction over state law claims when there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). It may also have jurisdiction over state law claims that are supplemental to those claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(a).

The Court does not have original jurisdiction over Plaintiff's state law claims. Plaintiff has made no allegations regarding his own citizenship or the citizenship of Defendant, and the Complaint suggests both parties are citizens of Illinois. *See* 28 U.S.C. § 1332.

However, the Court does have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the state law claims arise from the same common nucleus of operative facts as Plaintiff's apparent § 1983 claim. *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007). The fact that the Court has

supplemental jurisdiction does not mean it must exercise it. A court may decline to exercise jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In dismissing Plaintiff's § 1983 claim, the Court disposes of the single claim over which it has original jurisdiction. Because it dismisses the claim giving rise to original jurisdiction on a purely legal ground at the outset of litigation, the Court declines to exercise supplementary jurisdiction over Plaintiff's state law claims. *See Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007).


IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED.

2. Plaintiff's Motion to Request Counsel (Doc. 4) is DENIED.

3. Plaintiff's Complaint, to the extent that it contains a claim for relief pursuant to 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE.

4. Plaintiff's Complaint, to the extent that it contains a claim that rests on state law grounds, is DISMISSED WITHOUT PREJUDICE to pursuing any relief that may be available in state court.


Entered this 11th day of September, 2014.


s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge